United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Doug Longhini, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-23061-Civ-Scola |
| | ) |
| 141st Street Center, LLC, and | ) |
| others, Defendants. | ) |

### Order on Defendants' Motions to Dismiss

The Plaintiff bring this lawsuit pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12103, 12181-12205a ("ADA"). This matter is before the Court on Defendants Samare, Inc. ("Samare"), WBH Corp. ("WBH"), and Hong Hong Inc.'s ("Hong Hong's") motions to dismiss (ECF Nos. 32, 45). For the reasons set forth in this Order, the Court **grants** the motions to dismiss (**ECF Nos. 32, 45**).

1. **Background**

Plaintiff Douglas Longhini is a disabled individual who requires the use of a wheelchair to ambulate. (Compl. ¶ 23, ECF No. 1.) The Complaint alleges that Defendants 141st Street Center, LLC ("141st Street Center"), Samaniky, LLC, ("Samaniky"), International Agencies, Inc. ("International Agencies"), Samare, and WBH own and operate commercial properties. (*Id.* ¶¶ 5-18.) Defendant Mattress Firm, Inc. ("Mattress Firm") owns and operates a mattress business, and Defendant Hong Hong owns and operates an ice cream business. (*Id.* ¶¶ 8, 18.) The Complaint alleges that 141st Street Center, Samaniky, International Agencies, Samare, and WBH "operate and/or oversee individual commercial properties which, combined, make up the commercial property known to the public as 'Mitchell Center' . . . ." (*Id.* ¶¶ 25-26.) The relationship between Mattress Firm and Hong Hong with these Defendants is not specified, although it appears that Hong Hong and WBH have the same address, and Mattress Firm and 141st Street Center have the same address. (*See id.* ¶¶ 6, 8, 16, 18.)

Longhini alleges that he visited the businesses in the Mitchell Center and encountered architectural barriers in violation of the ADA. (*Id.* ¶ 28.) Longhini seeks injunctive relief and attorneys' fees and costs. (*Id.* at 13-14.) The Plaintiff has settled the claims against 141st Street Center (ECF No. 59), the claims against International Agencies have been dismissed pursuant to a joint stipulation of dismissal (ECF No. 49), Samaniky and Mattress Firm have

answered the Complaint (ECF Nos. 16, 30), and Samare, WBH, and Hong Hong have filed motions to dismiss.

## 2. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## 3. Analysis

In order to establish a claim for discrimination under the ADA, a plaintiff must establish that: (1) he is disabled; (2) the subject facility is a public accommodation; and (3) he was denied full and equal enjoyment of the public accommodation as a result of his disability. *See Ass'n for Disabled Americans, Inc. v. Concorde Gaming Corp.,* 158 F.Supp.2d 1353, 1359-60 (S.D. Fla. 2001) (Highsmith, J.). Samare, WBH, and Hong Hong argue that the Complaint does not sufficiently identify the architectural barriers that Longhini encountered in each of the Defendants' businesses. Thus, they argue that the Plaintiff has failed to establish the third element.

"Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually," a plaintiff must still provide a factual basis to distinguish each defendant's conduct. *Petrovic v. Princess Cruise Lines, Ltd.*, 2012 WL 3026368, at *3 (S.D. Fla. July 20, 2012) (Altonaga, J.) (internal quotations and citations omitted). Here, the

Complaint fails to provide a factual basis to distinguish each defendant's conduct. According to the Complaint, each of the Defendants owns and operates a commercial property or business at a discrete address. (Compl. ¶¶ 5-18.) Although the Complaint alleges that 141st Street Center, Samaniky, International Agencies, Samare, and WBH's properties "make up" the Mitchell Center, it is unclear from the Complaint whether there is any relationship between the Defendants. The Complaint identifies architectural barriers in the following categories: "Parking," "Entrance Access and Path of Travel," "Access to Goods and Services," and "Public Restrooms." (Compl. ¶ 36.) In light of the allegations that each Defendant owns and operates a commercial property with a discrete address, it is unclear whether the parking lot, entrance access, path of travel, and public restrooms in which the architectural barriers are located are common to all of the properties. Moreover, the Complaint does not actually allege that any of the Defendants owns, operates, or leases these common areas.

With respect to the architectural barriers that were presumably encountered in specific properties, the Complaint does not specify the properties in which the barriers are located. For example, the Plaintiff alleges that he "could not utilize the tables for their intended use," but fails to identify the business(es) in which he encountered this barrier. (*Id.* ¶ 36C1.) A second example is the Plaintiff's allegation that "[t]he doors at several of the building entrances are fitted with inaccessible hardware . . . ." (*Id.* ¶ 36B3.) While it is clear that this allegation does not apply to all of the Defendants, it is unclear to which Defendants it does apply.

Simply put, the Complaint fails to provide a factual basis to distinguish each Defendant's conduct. It is unclear which allegations pertain to which Defendants; whether the parking lot, entrance path, and public restrooms are common to all of the Defendants' properties; and whether the Plaintiff even encountered architectural barriers in areas owned, operated, or leased by each Defendant. Therefore, the Complaint fails to state a claim for relief that is plausible on its face because the Plaintiff has not sufficiently alleged facts to support his assertion that each of the Defendants discriminated against the Plaintiff on the basis of his disability. *See, e.g.*, *Longhini v. Hayday, Inc. et. al.*, No. 17-20330, 2017 WL 2703557, at *3 (S.D. Fla. June 22, 2017) (Scola, J.) (dismissing claims against tenant defendants because the complaint did not establish that those defendants exercised control over the public restrooms in which the plaintiff encountered architectural barriers); *Ramnarine v. Epic Realty of Ohio II, LLC*, No. 10-81162, 2011 WL 52410, at *3 (S.D. Fla. Jan. 6, 2011) (Cohn, J.) (dismissing complaint in part because it did not distinguish "which alleged barriers pertain to the outparcel restaurant as compared with barriers that pertain to the separate strip shopping center.").

**4. Conclusion**

Accordingly, the Court **grants** Defendants Samare, WBH, and Hong Hong's motions to dismiss (**ECF Nos. 32, 45**). Because the deficiencies identified in the motions to dismiss apply to all of the remaining Defendants, the Court **dismisses without prejudice** the Complaint as to Defendants Samaniky, Mattress Firm, Samare, WBH, and Hong Hong. If the Plaintiff is able to correct the deficiencies in the Complaint, he may file an amended complaint on or before **December 22, 2017**.

**Done and ordered** in chambers, at Miami, Florida, on December 8, 2017.

_____
Robert N. Scola, Jr.
United States District Judge